IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMPASS DATACENTERS LLC, | |
| Plaintiff, | Civil Action No. 3:24-cv-1994 |
| v. | JURY TRIAL DEMANDED |
| COMPASS MINING, INC. | |
| Defendant. | |

**ORIGINAL COMPLAINT**

Compass Datacenters LLC ("Compass Datacenters"), by and through its undersigned counsel, brings this action against Compass Mining, Inc. ("Compass Mining") and alleges the following:

**INTRODUCTION**

1. This case concerns the infringement by Compass Mining of Compass Datacenters's longstanding COMPASS trademark, as well as trademarks consisting of or containing the term COMPASS, such as COMPASS DATACENTERS and associated compass design (collectively, the "COMPASS Marks"), which have been used in connection with the customized design of data centers, construction of data centers, and rental of space in computer co-location facilities for containerized data centers of others since at least as early as 2011.

2. For over a decade, Compass Datacenters has cultivated substantial goodwill in the COMPASS brand through the considerable investment of time, energy, and resources in the advertising and promotion of its services offered under the COMPASS Marks.

3. Despite Compass Datacenters's widespread and longstanding use the COMPASS Marks and federal registration of COMPASS DATACENTERS, Compass Mining began using

1

ORIGINAL COMPLAINT

the identical COMPASS mark and closely similar COMPASS MINING mark and filed federal trademark applications for COMPASS MINING, with and without the associated compass design, in connection with, among other things, computer hardware for bitcoin mining, computer hosting facilities, and computer co-location facilities.

4. Below are depictions of the parties' respective composite marks with their compass designs:

| Compass Datacenters | Compass Mining |
|---|---|
| COMPASS datacenters. | COMPASS MINING |

5. Compass Mining's use of the identical COMPASS mark or any other marks that are closely similar to the COMPASS Marks for goods or services that are similar or related to the services for which the COMPASS Marks are used creates a likelihood of confusion in the marketplace and causes both damage to Compass Datacenters and irreparable harm to the substantial goodwill and reputation that Compass Datacenters has developed in the COMPASS Marks over the last 13 years.

6. As detailed below, Compass Mining's use of the trademark COMPASS, COMPASS MINING, and associated compass designs in connection with computer hosting facilities, hardware for bitcoin mining, or related goods or services constitutes federal trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, federal false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement and unfair competition under the common law of the State of Texas.

2

ORIGINAL COMPLAINT

## PARTIES

7. Plaintiff Compass Datacenters LLC is a Delaware limited liability company with a business address of 14555 North Dallas Parkway, Suite 125, Dallas, Texas 75254.

8. On information and belief, Defendant Compass Mining, Inc. is a Delaware corporation with a business address of 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the claims pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark infringement), and 1338(b) (unfair competition) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

10. Supplemental jurisdiction is proper for the state law claim pursuant to Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a), because the claim is so related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution.

11. This Court has personal jurisdiction over Compass Mining because Compass Mining systematically serves a market in Texas, and its presence in Texas materially contributes to the irreparable harm and likelihood of confusion between the parties' marks. Upon information and belief, Compass Mining provides services to consumers via physical computer hardware located at a data center in Granbury, Texas, the county seat of Hood County.

12. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Compass Mining is subject to personal jurisdiction with respect to this action in this District and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. On information and belief, Compass Mining advertises and sells its goods and

services under the infringing COMPASS and COMPASS MINING marks and associated compass design in this District.

## FACTUAL BACKGROUND

*Compass Datacenters's Business and Longstanding Use of the COMPASS Marks*

13. Compass Datacenters, one of Inc. Magazine's 5000 fastest growing companies, designs and constructs data centers for some of the world's largest hyperscalers and cloud providers on campuses across the globe.

14. Since at least as early as 2011, Compass Datacenters has continuously marketed and rendered services for the customized design of data centers, construction of data centers, and rental of space in computer co-location facilities for containerized data centers of others under the COMPASS Marks.

15. For over a decade, Compass Datacenters has invested substantial resources in the advertising, marketing, and promotion of its COMPASS branded services and developing consumer recognition in the COMPASS Marks.

16. Compass Datacenters's COMPASS branded services are promoted nationwide, including through Compass Datacenters's website at https://www.compassdatacenters.com, and Compass Datacenters's social media accounts, including Instagram (@compassdatacenters), X/twitter (@compassdcs), Facebook (@compassdatacenters), YouTube (@compassdatacenters), and LinkedIn (Compass Datacenters).

17. Compass Datacenters was recently honored at the "2024 Innovation Awards" hosted by *D CEO* and Dallas Innovates—a program that honors leaders, entrepreneurs, and trailblazers who are paving the way forward for innovation in North Texas.

18. As a result of Compass Datacenters's investment of substantial resources in the continuous and prominent use and promotion of the COMPASS Marks, the COMPASS Marks

4

ORIGINAL COMPLAINT

are well-known and recognized by consumers, the public, and the trade as identifying and distinguishing Compass Datacenters as the exclusive source of the high-quality services with which the COMPASS Marks are used. The COMPASS Marks represent a significant business investment and considerable goodwill of great value to Compass Datacenters.

19.   In addition to its longstanding common law trademark rights dating back more than a decade, Compass Datacenters owns the following federal trademark registrations in the United States for the COMPASS Marks (together, the "COMPASS Registrations"):

- COMPASS DATACENTERS (U.S. Reg. No. 6,214,811 with a disclaimer of "DATACENTERS") for "rental of space in a computer co-location facility for containerized data centers of others" in Class 42; and

-  (U.S. Reg. No. 7,353,889 with a disclaimer of "DATACENTERS") for "construction of data centers for others" in Class 37 and "rental of space in a computer co-location facility for containerized data centers of others; customized design of data centers for others" in Class 42.

20.   Both of the COMPASS Registrations are valid, subsisting, and in full force and effect.  True and correct copies of each of the COMPASS Registrations are attached as **Exhibit 1** and **Exhibit 2**, respectively.

21.   Compass Datacenters carefully controls the use of its COMPASS Marks and is diligent in policing infringement by third parties. As part of its monitoring and enforcement activities, Compass Datacenters discovered the infringement by Compass Mining.

ORIGINAL COMPLAINT

*Compass Mining's Business and Infringing Conduct*

22. Compass Mining provides bitcoin mining hardware and related services to support bitcoin mining operations.

23. Bitcoin mining refers to the process where a global network of computers running the bitcoin code work to ensure that transactions are legitimate and added correctly to the cryptocurrency's blockchain. Mining is also how new bitcoin is entered into circulation.

24. Upon information and belief, Compass Mining provides its services by working with third parties operating computer hosting facilities and data centers throughout the United States and Canada. At least three of these facilities are located in the State of Texas, including one in Granbury, Texas.

25. Compass Mining's use of COMPASS, COMPASS MINING, or associated compass design in connection with the advertising, marketing, offering for sale, or sale of its bitcoin mining goods or computer hosting facilities or related services is an infringement of Compass Datacenters's exclusive rights in its COMPASS Marks.

26. As shown in the example below, Compass Mining prominently uses COMPASS, COMPASS MINING, and/or an associated compass design in its advertising for computer hosting facilities:

6

ORIGINAL COMPLAINT





      27.     Compass Mining's COMPASS word mark is identical to Compass Datacenters's COMPASS word mark.

      28.     The word "mining" in the COMPASS MINING mark is descriptive or generic of Compass Mining's goods and services and does not distinguish the COMPASS mark.

      29.     The COMPASS MINING mark is highly similar to Compass Datacenters's COMPASS and COMPASS DATACENTERS word marks.

7
ORIGINAL COMPLAINT

30. Compass Mining's compass design mark is highly similar to Compass Datacenters' compass design mark . Both designs feature a sans-serif letter "C" as part of a compass design and employ the same black, white, and orange color scheme.

31. Both parties market their respective goods and services online and through social media, including on X (formerly Twitter).

*Compass Mining's Trademark Applications*

32. On May 24, 2021, notwithstanding Compass Datacenters's prior use of the COMPASS Marks and prior federal registration of COMPASS DATACENTERS, Compass Mining filed with the United States Patent and Trademark Office ("USPTO") the following trademark applications based on an intent to use the marks:

- COMPASS MINING (U.S. Ser. No. 90/730,441 with a disclaimer of "MINING") for "computer hardware; computer hardware for data mining; computer hardware for virtual currency mining; all of the foregoing for purposes of bitcoin mining" in Class 9;

- COMPASS MINING (U.S. Ser. No. 90/730,445 with a disclaimer of "MINING") for "collocation services, namely, the provision of a secure environmentally-controlled facility and technical monitoring for the telecommunications equipment of others; hosting services, namely, for the mining of digital assets of others; data mining; data warehousing; all of the foregoing for purposes of bitcoin mining" in Class 42;

- ![COMPASS MINING logo] (U.S. Ser. No. 90/730,447 with a disclaimer of "MINING") for "computer hardware; computer hardware for data mining; computer hardware for

8

ORIGINAL COMPLAINT

virtual currency mining; all of the foregoing for purposes of bitcoin mining" in Class 9; and

- **COMPASS MINING** (U.S. Ser. No. 90/730,450 with a disclaimer of "MINING") for "collocation services, namely, the provision of a secure environmentally-controlled facility and technical monitoring for the telecommunications equipment of others; hosting services, namely, for the mining of digital assets of others; data mining; data warehousing; all of the foregoing for purposes of bitcoin mining" in Class 42.

33. On February 8, 2022, the USPTO refused registration of Application Serial Nos. 90/730,445 and 90/730,450 in Class 42 (together, the "Class 42 Applications") because of a likelihood of confusion with Reg. No. 6,503,573 for the word mark COMPASS (the "Cited Mark"), among other reasons.

34. On August 8, 2022, Compass Mining submitted a response to the USPTO and argued, among other things, that the word "MINING" was enough to distinguish the marks in the Class 42 Applications from the Cited Mark.

35. On September 13, 2022, the USPTO made the refusal final, finding that the COMPASS MINING marks in the Class 42 Applications were confusingly similar in appearance to the Cited Mark COMPASS because they contained the identical wording "COMPASS." In particular, the USPTO explained that the additional term "MINING" was highly descriptive (if not generic) as applied to Compass Mining's services. Thus, the dominant element in Compass Mining's marks was the word "COMPASS," which was identical in appearance, sound, meaning, and commercial impression to the Cited Mark.

36. On April 4, 2023, the Class 42 Applications were declared abandoned by the USPTO because Compass Mining failed to respond to the final office actions.

ORIGINAL COMPLAINT

37. Despite its abandonment of the Class 42 Applications, Compass Mining continues to use COMPASS, COMPASS MINING, and its associated compass design in connection with some or all of the applied-for Class 42 services of "collocation services, namely, the provision of a secure environmentally-controlled facility and technical monitoring for the telecommunications equipment of others; hosting services, namely, for the mining of digital assets of others; data mining; data warehousing; all of the foregoing for purposes of bitcoin mining."

38. On April 6, 2023, Compass Datacenters filed a consolidated opposition against Compass Mining's other two applications, Serial Nos. 90/730,441 and 90/730,447 in Class 9 (together, the "Class 9 Applications"), which is still pending (Opposition No. 91284353).

39. Compass Datacenters will be damaged if the Class 9 Applications mature to registration because Compass Datacenters has prior rights in the COMPASS Marks and registration of the Class 9 Applications would give Compass Mining numerous benefits, including the ability to use the ® registered trademark symbol, which would give the illusion of exclusive rights to consumers, and can be used as evidence that the COMPASS MINING mark is capable of acquiring distinctiveness.

40. Prior to its use of COMPASS, COMPASS MINING, and associated compass design, Compass Mining had at least constructive knowledge of the COMPASS DATACENTER mark under 15 U.S.C. § 1072.

41. Upon information and belief, given the overlap between the parties' services and longstanding use of the COMPASS Marks, Compass Mining also had actual knowledge of Compass Datacenters's use of the COMPASS Marks before it began using its marks.

42. Given the similarities between the parties' marks and services at issue, and the strength and longstanding use of Compass Datacenters's COMPASS Marks, Compass Mining's

use of COMPASS, COMPASS MINING, or associated compass design in connection with providing computer hosting facilities, hardware for bitcoin mining, or related goods or services is likely to confuse or mislead consumers into believing that there is a connection or association between Compass Datacenters and the source of Compass Mining's goods and services.

43. The bitcoin mining industry utilizes a tremendous amount of energy that is often perceived as harmful to the environment.

44. Association of Compass Datacenters with the bitcoin mining industry caused by Compass Mining's use of COMPASS, COMPASS MINING, or associated compass design in connection with computer hosting facilities for bitcoin mining and hardware for bitcoin mining or related goods or services damages the reputation of Compass Datacenters and the goodwill of the COMPASS Marks.

## **FIRST CLAIM OF RELIEF**

(Trademark Infringement – 15 U.S.C. § 1114(1)(a))

45. Compass Datacenters repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

46. As described above, Compass Datacenters owns the distinctive COMPASS Marks in connection with the customized design of data centers, construction of data centers, and rental of space in computer co-location facilities for containerized data centers of others, and related services.

47. Compass Datacenters's COMPASS Registrations are in full force and effect, and Compass Datacenters owns all right, title, and interest in them.

48. Compass Datacenters's ownership and exclusive use in commerce of the COMPASS Marks are superior to and significantly predate any use of COMPASS, COMPASS MINING, or associated compass design by Compass Mining.

11
ORIGINAL COMPLAINT

49. Compass Mining uses COMPASS, COMPASS MINING, and associated compass design as trademarks in commerce in connection with providing computer hosting facilities, hardware for bitcoin mining, and related goods or services.

50. Compass Mining's use of the mark COMPASS, COMPASS MINING, or associated compass design in interstate commerce, as described above, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a) because it is without Compass Datacenters's consent and is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of Compass Mining's goods and services, and/or to cause consumers to believe, mistakenly, that Compass Mining and/or its mining facilities or hardware are part of, or sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Compass Datacenters.

51. Compass Datacenters was at all relevant times both actually and constructively aware of Compass Datacenters's prior use of the COMPASS Marks and prior Registration No. 6,214,811. It nonetheless adopted the COMPASS, COMPASS MINING, and associated compass design marks and markets its mining facilities and hardware under such marks in a manner that trades off the goodwill long owned and earned by Compass Datacenters, causing confusion that it makes no effort to correct. Compass Mining's conduct is therefore willful.

52. Upon information and belief, as a direct and proximate result of Compass Mining's violations of 15 U.S.C. § 1114, Compass Datacenters has been and will continue to be damaged in an amount to be determined at trial.

53. Upon information and belief, Compass Mining has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Compass Datacenters.

54. Compass Mining's conduct is causing and, unless Compass Mining is restrained, will continue to cause, Compass Datacenters to suffer irreparable injury for which Compass Datacenters has no adequate remedy at law.

## SECOND CLAIM OF RELIEF

(False Designation of Origin – 15 U.S.C. § 1125(a))

55. Compass Datacenters repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

56. As described above, Compass Datacenters owns common law rights in the distinctive COMPASS Marks in connection with the customized design of data centers, construction of data centers, and rental of space in computer co-location facilities for containerized data centers of others, and related services.

57. Compass Datacenters's ownership and exclusive use in commerce of the common law COMPASS Marks are superior to and significantly predate any use of COMPASS, COMPASS MINING, or associated compass design by Compass Mining.

58. Compass Mining uses COMPASS, COMPASS MINING, and associated compass design as trademarks in commerce in connection with providing computer hosting facilities, hardware for bitcoin mining, and related goods or services.

59. Compass Mining's use of the mark COMPASS, COMPASS MINING, or associated compass design in interstate commerce, as described above, constitutes false designation of origin in violation of 15 U.S.C. § 1125(a)(1) because it is without Compass Datacenters's consent and is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of Compass Mining's goods and services, and/or to cause consumers to believe, mistakenly, that Compass Mining and/or its mining facilities or hardware are part of, or

13

ORIGINAL COMPLAINT

sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Compass Datacenters.

60. Compass Datacenters was at all relevant times both actually and constructively aware of Compass Datacenters' prior use of the COMPASS Marks and prior Registration No. 6,214,811. It nonetheless adopted the COMPASS, COMPASS MINING, and associated compass design marks and markets its mining facilities and hardware under such marks in a manner that trades off the goodwill long owned and earned by Compass Datacenters, causing confusion that it makes no effort to correct. Compass Mining's conduct is therefore willful.

61. Upon information and belief, as a direct and proximate result of Compass Mining's violations of 15 U.S.C. § 1125(a)(1), Compass Datacenters has been and will continue to be damaged in an amount to be determined at trial.

62. Upon information and belief, Compass Mining has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Compass Datacenters.

63. Compass Mining's conduct is causing and, unless Compass Mining is restrained, will continue to cause, Compass Datacenters to suffer irreparable injury for which Compass Datacenters has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Common Law Trademark Infringement and Unfair Competition)

64. Compass Datacenters repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

65. As described above, Compass Datacenters owns common law rights in the distinctive COMPASS Marks in connection with the customized design of data centers,

construction of data centers, and rental of space in computer co-location facilities for containerized data centers of others, and related services.

66. Compass Datacenters's ownership and exclusive use in commerce of the common law COMPASS Marks, including in Texas, are superior to and significantly predate any use of COMPASS, COMPASS MINING, or associated compass design by Compass Mining.

67. Compass Mining uses COMPASS, COMPASS MINING, and associated compass design as trademarks in commerce in Texas in connection with providing computer hosting facilities, hardware for bitcoin mining, and related goods or services.

68. Compass Mining's use of the mark COMPASS, COMPASS MINING, or associated compass design as a trademark in commerce in Texas as described above is without Compass Datacenters's consent and is likely to cause confusion, to cause mistake, and to deceive as to the origin or source of Compass Mining's goods and services, and/or to cause consumers to believe, mistakenly, that Compass Mining and/or its mining facilities are part of, or sponsored, licensed, endorsed, or approved by, or otherwise affiliated with, Compass Datacenters.

69. Compass Mining's unlawful activities constitute trademark infringement and unfair competition in violation of the common law of the State of Texas.

70. Upon information and belief, as a direct and proximate result of Compass Mining's willful trademark infringement and unfair competition, Compass Datacenters has been and will continue to be damaged in an amount to be determined at trial.

71. Upon information and belief, Compass Mining has realized, and continues to realize, revenue, profits, and other benefits as a result of its unlawful actions to the detriment of Compass Datacenters.

72. Compass Mining's conduct is causing and, unless Compass Mining is restrained, will continue to cause, Compass Datacenters to suffer irreparable injury for which Compass Datacenters has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

(Order for Express Abandonment/Refusal of the Class 9 Applications)

73. Compass Datacenters repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

74. This Court has the power to determine whether Compass Mining is entitled to registration of the marks claimed in the Class 9 Applications under 15 U.S.C. § 1119 because this action involves registered marks.

75. This action, including Compass Datacenters' First Claim of Relief under 15 U.S.C. § 1114(1)(a), involves federally registered trademarks, namely the COMPASS Marks in Compass Datacenters' COMPASS Registrations.

76. There is a close nexus between Compass Mining's Class 9 Applications and the COMPASS Registrations at issue in this case. Specifically, the dominant element in the applied-for marks in the Class 9 Applications is the term "COMPASS," which is identical in appearance, sound, meaning, and commercial impression to the dominant element in the COMPASS Marks.

77. In light of Compass Datacenters' prior-used COMPASS Marks and prior-registered COMPASS DATACENTERS mark, Compass Mining's use of the COMPASS MINING marks in the Class 9 Applications for the goods identified therein is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin or source of Compass Mining's goods.

78. As a result of the likelihood of confusion, Compass Datacenters will be damaged by the registration of the marks in the Class 9 Applications.

ORIGINAL COMPLAINT

79. In light of the foregoing, registration of the Class 9 Applications should be refused under 15 U.S.C. § 1052(d).

80. Accordingly, Compass Datacenters seeks a declaration that Compass Mining is not entitled to registration of the marks in the Class 9 Applications, and the Court certify an Order to the Director of the United States Patent and Trademark Office to refuse registration of U.S. Serial Nos. 90/730,441 and 90/730,447.

81. In the alternative, Compass Datacenters seeks an order from the Court directing Compass Mining to file with the USPTO a Request for Express Abandonment (Withdrawal) of Application for U.S. Serial Nos. 90/730,441 and 90/730,447.

## **PRAYER FOR RELIEF**

WHEREFORE, Compass Datacenters prays:

A. That the Court enter judgment in favor of Compass Datacenters, including injunctive relief, against Compass Mining, on all claims for relief asserted in the Complaint;

B. That the Court enter judgment determining that Compass Mining infringed Compass Datacenters' registered COMPASS Marks under 15 U.S.C. § 1114;

C. That the Court enter judgment determining that Compass Mining infringed Compass Datacenters common law rights in the COMPASS Marks and committed acts of false designation of origin under 15 U.S.C. § 1125(a);

D. That the Court enter judgment determining that Compass Mining infringed Compass Datacenters COMPASS Marks and committed unfair competition under the common laws of the State of Texas;

ORIGINAL COMPLAINT

E. That the Court grant an injunction permanently enjoining and restraining Compass Mining, its officers, employees, agents, attorneys, and all persons acting by, through, or in concert with any of them, from:

    i. using the COMPASS Marks and any confusingly similar mark, word, name, or designation as a trademark, service mark, or trade name, including COMPASS, COMPASS MINING, and compass design in a manner that is likely to cause consumer confusion pursuant to 15 U.S.C. § 1116;

    ii. doing any other act likely to cause confusion or mistake or to deceive consumers into mistakenly believing that Compass Mining's goods or services are sponsored, licensed, endorsed, or approved by Compass Datacenters, or are otherwise affiliated with Compass Datacenters; and

    iii. unfairly competing with Compass Datacenters.

F. That the Court determine that Compass Mining is not entitled to registration of the marks that are the subject of Compass Mining's trademark applications U.S. Serial Nos. 90/730,441 and 90/730,447;

G. That the Court certify an Order to the Director of the United States Patent and Trademark Office, pursuant to 15 U.S.C. § 1119, to refuse registration of U.S. Serial Nos. 90/730,441 and 90/730,447 or, in the alternative, issue an order directing Compass Mining to file with the USPTO a Request for Express Abandonment (Withdrawal) of Application for each of its trademark applications U.S. Serial Nos. 90/730,441 and 90/730,447;

H. That the Court issue an order directing Compass Mining to file with the Court and serve on Compass Datacenters within thirty (30) days after the service on Compass Datacenters of an injunction, or such extended period as the Court may direct, a report in writing under oath

setting forth in detail the manner and form in which Compass Mining has complied with the injunction;

I. That the Court award Compass Datacenters its actual damages and Compass Mining's profits resulting from the infringement of the COMPASS Marks, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial;

J. That the Court declare this an exceptional case in light of Compass Mining's knowing and willful infringement of the COMPASS Marks;

K. That Compass Datacenters' damages be trebled;

L. That the Court award Compass Datacenters all costs, including attorneys' fees allowable by statute and/or other law; and

M. That the Court award Compass Datacenters such other and further relief as this Court deems fair, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

ORIGINAL COMPLAINT

Dated: August 5, 2024                                  Respectfully submitted,

                                      By: */s/ Ricardo J. Bonilla*
                                            Ricardo J. Bonilla
                                            Texas Bar No. 24082704
                                            rbonilla@fr.com
                                            FISH & RICHARDSON P.C.
                                            1717 Main Street, Suite 5000
                                            Dallas, Texas 75201
                                            Telephone (214) 747-5070
                                            Facsimile (214) 747-2091

                                            Keith Barritt (*pro hac vice* application forthcoming)
                                            barritt@fr.com
                                            Nathan Ranns (*pro hac vice* application forthcoming)
                                            ranns@fr.com
                                            FISH & RICHARDSON P.C.
                                            1000 Maine Ave., Suite 1000
                                            Washington, DC 20024
                                            Telephone (202) 783-5070
                                            Facsimile (202) 783-2331

                                            Ryan Steinman (*pro hac vice* application forthcoming)
                                            steinman@fr.com
                                            FISH & RICHARDSON P.C.
                                            7 Times Square, 20th Floor
                                            New York, NY 10036
                                            Telephone (212) 765-5070
                                            Facsimile (212) 258-2291

                                            **COUNSEL FOR PLAINTIFF**
                                            **COMPASS DATACENTERS LLC**

ORIGINAL COMPLAINT